IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| HOTEL INDUSTRY (THE) - ILWU PENSION PLAN TRUST FUND, ILWU LOCAL 142 HEALTH AND WELFARE TRUST FUND,<br><br>　　　　　　Plaintiffs,<br><br>　　vs.<br><br>MARIS COLLECTIVE, INC., a CALIFORNIA CORPORATION; JOHN DOES 1-10, JANE DOES 1-10, DOE CORPORATIONS 1-10, DOE PARTNERSHIPS 1-10, DOE GOVERNMENTAL AGENCIES 1-10, DOE TRUSTS 1-10,<br><br>　　　　　　Defendants. | CIV. NO. 21-00133 LEK-RT<br><br>FINDINGS AND RECOMMENDATION TO AWARD PLAINTIFFS' REASONABLE ATTORNEYS' FEES AND COSTS |

**FINDINGS AND RECOMMENDATION TO AWARD PLAINTIFFS'
REASONABLE ATTORNEYS' FEES AND COSTS**

On December 28, 2021, Plaintiffs The Hotel Industry – ILWU Pension Plan Trust Fund and ILWU Local 142 Health and Welfare Trust Fund (collectively "Plaintiffs") filed a Declaration of Counsel in Support of Attorneys' Fees and Costs (ECF No. 16) ("Declaration") in connection with Plaintiffs' Motion to Compel Production of Documents and Things (ECF No. 15) ("Motion to Compel"). The Declaration sets forth the amount of attorneys' fees and costs

Plaintiffs sought for expenses incurred in bringing the Motion to Compel. On January 26, 2022, the Court issued its Order Granting the Motion to Compel and granted Plaintiffs' request for reasonable attorneys' fees and costs. ECF No. 23. The Court now turns to whether the requested amount is reasonable.

After careful consideration of the Declaration, Motion to Compel, records and files in this case, and applicable law, the Court FINDS that the amount Plaintiffs request is reasonable and RECOMMENDS that the district court GRANT Plaintiffs' request for attorneys' fees, general excise tax, and costs in the amount of $1,379.73.

## DISCUSSION

Reasonable attorneys' fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 (9th Cir. 2000). The lodestar amount may also be adjusted based on an evaluation of the factors in Kerr, which have not been subsumed in the lodestar calculation:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the

professional relationship with the client, and (12) awards in similar cases.

Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975) (citing Johnson v. Georgia Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974). There is a strong presumption that the lodestar amount calculated is reasonable. See Fischer, 214 F.3d at 1119 n.4 (citing Pennsylvania v. Del. Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987))

### A.   Reasonable Hourly Rate

Plaintiffs' attorneys are Jared N. Kawashima, Esq., a partner at the law firm of Yee & Kawashima, LLL with over twenty years of experience in practice, and Christine D. W. Kawada, Esq., an associate at the same law firm with seven years of practice. ECF No. 16. Plaintiffs request an hourly rate of $275.00 for work performed by Mr. Kawashima, and $215.00 an hour for work performed by Ms. Kawada. Id. The reasonable hourly rate is determined by assessing the prevailing market rate in the relevant community for similar work performed by attorneys of comparable skill, experience, and reputation. Roberts v. City of Honolulu, 938 F.3d 1020, 1024-1025 (9th Cir. 2019) (citing Kelly v. Wengler, 822 F.3d 1085, 1099 (9th Cir. 2016) & Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 979 (9th Cir. 2008)); Webb v. Ada County, 285 F.3d 829, 840 (9th Cir. 2002) (citing Chalmers v. City of Los Angeles, 796 F.2d 1205, 1210-11 (9th Cir. 1986)). The

relevant community is the forum in which the district court sits. Camacho, 523 F.3d at 979. In this case, the relevant community is the District of Hawaii.

"It is the responsibility of the attorney seeking fees to submit evidence to support the requested hourly rate." Roberts, 938 F.3d at 1024 (citing Hensley v. Eckerhart, 461 U.S. 424, 433 (1983)) (citation omitted). "The burden is on the fee applicant 'to produce satisfactory evidence' of the prevailing market rates." Sam K. ex rel. Diane C. v. Hawaii Dept. of Educ., 788 F.3d 1033, 1041 (9th Cir. 2015) (citations omitted). In addition to their own statements, attorneys are required to submit additional evidence that the rate charged is reasonable. Jordan v. Multnomah County, 815 F.2d 1258, 1263 (9th Cir. 1987). See also Camacho, 523 F.3d at 980 ("To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation"). In this case, Plaintiffs provided the Declaration as evidence in support of their requested rate.

"District Courts may also use their 'own knowledge of customary rates and their experience concerning reasonable and proper fees.'" Sam K. ex rel. Diane C., 788 F.3d at 1041 (citing Ingram v. Oroudjian, 647 F.3d 925, 928 (9th Cir. 2011)). Based on this Court's knowledge of the prevailing rates in the legal community for

work in similar cases, the Court FINDS that the hourly rate of $275.00 for work performed by Mr. Kawashima and $215.00 for work performed by Ms. Kawada is reasonable.  See e.g., Pamcah-UA Local 675 Pension Fund v. Hualalai Mech. LLC, Civ. No. 16-00455 ACK-RLP, 2016 WL 8255576, at *6 (D. Haw. Dec. 21, 2016), report and recommendation adopted, Civ. No. 16-00455 ACK-RLP, 2017 WL 601398 (D. Haw. Feb. 14, 2017); Pamcah-UA Loc. 675 Pension Fund v. Akua Air Conditioning LLC, Civ. No. 19-00553 LEK-RT, 2020 WL 2616672, at *1 (D. Haw. Apr. 24, 2020), report and recommendation adopted, Civ. No. 19-00553 LEK-RT, 2020 WL 2616572 (D. Haw. May 22, 2020).

### B. Hours Reasonably Expended

Plaintiffs request attorneys' fees for 0.1 hours of work performed by Mr. Kawashima and 6.0 hours for work performed by Ms. Kawada.  "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours and the rates claimed."  Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 945-46 (9th Cir. 2007) (citing Hensley, 461 U.S. at 433).  "In determining the appropriate lodestar amount, the district court may exclude from the fee request any hours that are excessive, redundant, or otherwise unnecessary."  Welch, 480 F.3d at 946 (citation and quotation marks omitted).

The Court has carefully reviewed Exhibit "A" to the Declaration and finds that the hours expended are reasonable. ECF No. 16. The Court notes that there are entries in Plaintiffs' billing statement that are block-billed. "The district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation." Cook Productions, LLC v. Stewart, Civ. No. 17-00034 ACK-RLP, 2017 WL 4797513 at 6 (D. Haw. Oct. 24, 2017) (citing Ryan v. Editions Ltd. West, Inc., 786 F.3d 754, 763 (9th Cir. 2015)). However, the Court finds that the hours claimed for the work performed, even if they are block-billed, are reasonable. The hours claimed in these entries are reasonable because even if the least amount of hours that are reasonable are assigned to each task within the block-billed entries, the actual amount of hours claimed are equivalent or slightly less than what would be considered reasonable. Accordingly, Plaintiffs' request for 6.1 hours of work performed and general excise tax at 4.712% is reasonable.

### C.   Reasonable Costs

Plaintiffs' request costs for printing in the amount of $0.15. The Court finds that this request is reasonable.

### D. Total Reasonable Attorneys' Fees and Costs

To calculate the reasonable attorneys' fees and costs, the Court multiplies 6.1 hours (the number of hours reasonably expended) by the reasonable hourly rate for work performed by each attorney.[1] The total reasonable attorneys' fees is $1,317.50. Plaintiffs also request general excise tax in the amount of $62.08 ($1,317.50 multiplied by 4.712%). The total amount of reasonable attorneys' fees ($1,317.50) plus general excise tax ($62.08) is $1,379.58. After adding in reasonable costs ($1,379.58 + $0.15 = $1,379.73), the total amount of reasonable attorneys' fees and costs is $1,379.73.[2]

### CONCLUSION

In accordance with the foregoing, the Court FINDS and RECOMMENDS that the district court GRANT Plaintiffs' request in the total amount of **$1,379.73** for $1,317.50 in attorneys' fees, $62.08 in general excise tax, and $0.15 in reasonable costs. Plaintiffs are directed to serve Defendant Maris Collective, Inc. with a copy of this Findings and Recommendations and to file a certificate of service by no later than February 4, 2022.

---

[1] Mr. Kawashima's fees: 0.1 hours multiplied by $275.00 equals $27.50. Ms. Kawada's fees: 6.0 hours multiplied by $215.00 equals $1,290.00. Mr. Kawashima's fees plus Ms. Kawada's fees equals $1,317.50 ($27.50 + $1,290.00 = $1,317.50).

[2] There is an error in Plaintiffs' calculations. It appears that Plaintiff did not add in its reasonable costs for copies in the amount of $0.15.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, January 27, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00133 LEK-RT; *Hotel Industry (The) - ILWU Pension Plan Trust Fund vs. Maris Collective, Inc.*; Findings and Recommendation to Award Plaintiffs' Reasonable Attorneys' Fees and Costs